

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00264-CR
No. 07-23-00265-CR

**JAVANTE PEMBERTON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 080585-D-CR & 080586-D-CR, Honorable Steven Denny, Presiding

February 6, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1] In 2021, pursuant to a plea bargain, Appellant, Javante Pemberton, was placed on deferred adjudication community supervision for eight years for evading arrest with a vehicle in cause number 080585-D-CR and for aggravated robbery with an affirmative finding on use of a deadly weapon in cause number 080586-

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

D-CR.[2]  In 2022, the State moved to proceed to adjudication alleging Appellant committed the new offense of criminal trespass and failed to report in March 2022.[3]  At a hearing on the State's motion, the trial court entered pleas of not true on Appellant's behalf because he refused to communicate when questioned by the court.  After presentation of the evidence, the trial court found both allegations to be true, adjudicated Appellant guilty of both offenses, and sentenced him to ten years' confinement for evading arrest and sixty years' confinement for aggravated robbery, with an affirmative finding on use of a deadly weapon.  The sentences were ordered to be served concurrently.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the records, and in his opinion, they reflect no potentially plausible basis for reversal of Appellant's convictions.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the records support that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).[4]  By letter, this Court granted

---

[2] TEX. PENAL CODE ANN. §§ 38.04(a), (b)(2)(A), 29.03(a)(2).

[3] These same allegations were the subject of a motion to proceed for offenses committed in Randall County, Texas.  The judgments adjudicating guilt in those offenses are the subject of an appeal in cause number 07-23-00259-CR, disposed of this same day.

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply

2

Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. The State notified this Court it would not file a response unless Appellant presented any meritorious issues.

By the *Anders* brief, counsel assesses the proceedings and testimony and concludes there is no error which would entitle Appellant to reversal of his convictions or any other relief. He also notes Appellant was previously found competent, although he refused to communicate or cooperate with his trial counsel. We agree with counsel that the proceedings do not present any reversible error.

We too have independently examined the records to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the records and counsel's brief, we agree there is no plausible basis for reversal of Appellant's convictions. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgments together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

3

## REFORMATION OF JUDGMENTS

We note the trial court's *Judgment Adjudicating Guilt* in each case reflects a clerical error. The summary portion under "Plea to Motion to Adjudicate" shows Appellant entered pleas of "true" while the record of the hearing reveals the trial court entered pleas of "not true" on his behalf.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30. Thus, we modify the trial court's *Judgment Adjudicating Guilt* in each case to reflect pleas of "not true" under "Plea to Motion to Adjudicate."

## CONCLUSION

As modified, the trial court's judgments are affirmed and counsel's motions to withdraw are granted.

> Alex Yarbrough
> Justice

Do not publish.

4